# COMPOSITE EXHIBIT B

01-21-1



## REPUBLICA DE CUBA
### REGISTRO DEL ESTADO CIVIL
### CERTIFICACION DE NACIMIENTO

Registro del Estado Civil: Caimito

Tomo: 29

Municipio: Caimito

Folio: 156

Provincia: La Habana

### DATOS DE LA INSCRIPCION

Nombre(s) y apellidos: Jose Ramón Lopez Regueiro
Lugar de nac.: Caimito    Fecha de nac.: 13-4-1953    Sexo: M
Padre: Jose Ramón Lopez Vilatoy
Natural de: Regla    Asiento: 11-9-1954
Madre: Estela Regueiro Villamide
Natural de: La Habana
Abuelos paternos: Vicente y Manuela
Abuelos maternos: Sebastian y Consuelo
Inscripción practicada en virtud de: los padres

| A utilizar en: | Territorio Nacional | Exenta |
| --- | --- | --- |
| Para surtir efecto en: | ✔ En el extranjero (legalización) | ✘ Gravada |

OBSERVACIONES: _____

_____

_____

**EL REGISTRADOR DEL ESTADO CIVIL CERTIFICA:**

Que los anteriores datos concuerdan fielmente con los que aparecen consignados en la inscripción a que hace referencia.

Hecho por: _____      Fecha de expedición: 25-4-95

Confrontado por: _____

_____
Registrador del Estado Civil
Firma y cuño

# STATE OF FLORIDA
## OFFICE of VITAL STATISTICS
### CERTIFIED COPY

**CERTIFICATE OF DEATH — FLORIDA**

- LOCAL FILE NO: 003389
- State File No: 89 025913

| Field | Value |
|---|---|
| 1. Decedent's Name | JOSE LOPEZ |
| 2. Sex | MALE |
| 3. Date of Death | March 2, 1989 |
| 4. Social Security Number | 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 |
| 5a. Age — Last Birthday | 81 |
| 6. Date of Birth | March 7, 1907 |
| 7. Birthplace | Cuba |
| 8. Was Decedent Ever in U.S. Armed Forces | No |
| 9a. Place of Death | Hospital — Inpatient |
| 9b. Inside City Limits | Yes |
| 9c. Facility Name | South Shore Hospital |
| 9d. City, Town, or Location of Death | Miami Beach |
| 9e. County of Death | Dade |
| 10a. Decedent's Usual Occupation | Owner |
| 10b. Kind of Business/Industry | News Papers |
| 11. Marital Status | Married |
| 12. Surviving Spouse | Carmen Bagur |
| 13a. Residence — State | Florida |
| 13b. County | Dade |
| 13c. City, Town, or Location | Miami Beach |
| 13d. Street and Number | 930 10th Street Apt # 5 |
| 13e. Inside City Limits | Yes |
| 13f. Zip Code | 33139 |
| 14. Hispanic or Haitian Origin | Cuban |
| 15. Race | White |
| 16. Decedent's Education | 5+ |
| 17. Father's Name | Vicente Lopez-Costa |
| 18. Mother's Name | Manuela Vilaboy-Romeu |
| 19a. Informant's Name | Caridad Soliva |
| 19b. Mailing Address | 1605 Pennsylvania Avenue, Miami Beach, Florida 33139 |
| 20a. Method of Disposition | Cremation |
| 20b. Place of Disposition | South Florida Crematory |
| 20c. Location | Miami, Florida |
| 21b. License Number | fe 3291 |
| 21c. Name and Address of Facility | Caballero Funeral Home, Inc. 2546 S.W. 8th Street, Miami, Florida |
| 22b. Date Signed | March 3, 1989 |
| 22c. Hour of Death | 8:23 A.M. |
| 24. Name and Address of Certifier | Humberto Baez, M.D. 3006 N.W. 7th Street, Miami, Florida |
| 25b. Local Registrar Signature Date | March 3, 1989 |
| 25c. Date Registered | MAR 07 1989 |

**26. Part I — Cause of Death:**
- a. Immediate Cause: Cardiac arr. Respiratory arrest
- b. Due to: Ventricular Fibrillation
- c. Due to: Acute myocardial infarction
- d. Due to: Bilateral Pneumonia

**27a. Was an Autopsy Performed:** No
**28. Case Reported to Medical Examiner:** Yes

State Registrar

Date Issued: OCT 29 2009



51446064 — CERTIFICATION OF VITAL RECORD

DH FORM 1947 (08/04)

**WARNING:** THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH A WATERMARK OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK. THE DOCUMENT FACE CONTAINS A MULTI-COLORED BACKGROUND AND GOLD EMBOSSED SEAL. THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMIC INK.

FLORIDA DEPARTMENT OF HEALTH

IN THE ELEVENTH JUDICIAL CIRCUIT COURT FOR
MIAMI-DADE COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF            File No.: 10-494

JOSE RAMON LOPEZ VILABOY,   Division: 01

        Deceased.

## REPORT OF GUARDIAN AD LITEM

COMES NOW, Lawrence Levy Esq., who was appointed by this Honorable Court to determine heirs for the above referenced estate and files this report and states as follows:

1. Decedent died intestate on March 2, 1989. A petition to determine heirs was field on February 2, 2010. The undersigned was appointed as attorney ad litem pursuant to this court order dated March 10, 2010

2. In order to determine the heirs, the undersigned conducted an investigation which included, but was not limited to reviewing the petition for determination of heirs, reviewing the decedent's death certificate, research vital statistics, inquiries to the Internal Revenue Service, research marriage license records, statements from parties who knew the decedent and multiple correspondences purportedly written by decedent to Jose Ramon Lopez Regueiro, and to his mother Estela Regueiro Villamide.

3. The undersigned contacted Mr. Alberto Benavines, who informed that on one occasion he met with decedent on behalf of his friend, Jose Ramon Lopez Regueiro, to take a picture of decedent to take to Mr. Regueiro, who was residing in Cuba at the time. Decedent acknowledged to Mr. Benavides that he had a son, namely, Jose Ramon Lopez Regueiro. According to the sworn affidavit, both decedent and Mr. Regueiro acknowledged their relationship as father and son, see attached affidavit herewith as Exhibit "A".

4. The undersigned contacted Mr. Rafael Toirac, decedent's friend for over four years, who informed that decedent would discuss on occasion his personal relationships, including

his son in Cuba, believed to be Jose Ramon Lopez Regueiro, but that decedent never mentioned anything about his wife or about being married.

5. The undersigned, being fluent in Spanish, reviewed decedent's correspondence dated from 1959 to 1967 written to Jose Ramon Lopez Regueiro, and to Mr. Regueiro's mother, Estela Regueiro Villamide, in their totality, and while there are numerous letters, the majority reflect that decedent had a relationship with a son believed to be Jose Ramon Lopez Regueiro. While the undersigned was provided with many photocopied letters, a sample of those letters, translated for the convenience of the Court, are attached herewith as Composite Exhibit "B".

6. A review of decedent's death certificate confirms that he died on March 2, 1989 in Miami Beach, Florida. According to the information contained in said certificate, decedent's marital status is listed as married. As part of his investigation, the undersigned performed a search to locate documentation with Vital Check that can confirm the marriage between Carmen Bagur and decedent, but with no social security number for Carmen Bagur, it was difficult to locate a marriage certificate.

7. Furthermore, in hopes of locating the decedent's surviving spouse, the undersigned requested a death certificate for Carmen Bagur, believed to be the decedent's surviving spouse. Upon receipt of the death certificate the undersigned contacted the son of said Carmen Bagur only to confirm that his mother was not the decedent's surviving spouse.

8. In order to determine the whereabouts of Carmen Bagur, the surviving spouse, it was necessary to secure Mrs. Bagur's social security number. The undersigned filed Form 56, Notice Concerning Fiduciary Relationship, with the Internal Revenue Services, to request copies of decedent's income tax returns to secure social security number of Carmen Bagur, the surviving spouse but the Internal Revenue Services informed that they do not have any records prior to March 2, 1989.

9. Further, Caballero Funeral Home, the funeral home where decedent's funeral was held and where the application for the decedent's death certificate was prepared was also contacted to locate any records that may contain information on surviving spouse or next of kin, but the funeral home does not keep records which cover the period in question (i.e. 1989).

10. Based upon information obtained through the undersigned's investigation, the undersigned is of the opinion that upon decedent's death, he was survived by his only son, Jose Ramon Lopez Regueiro, and by Carmen Bagur, the surviving spouse. Furthermore, the undersigned is also of the belief that there are no incapacitated persons, unborn or un ascertained persons or persons who are in the U.S. Military or its allies that would have an interest in this matter, other than his son and the surviving spouse (of her estate).

11. While it may be helpful to engage an heir search service, the costs may be prohibitive.

12. Based on the foregoing, the undersigned is of the opinion that the assets of the within estate should be divided in equal shares, between Jose Ramon Lopez Regueiro and Carmen Bagur. That since Carmen Bagur's whereabouts are unknown, the undersigned suggests that her share be placed in the court's register.

Executed this 11 day of November, 2010.

LAW OFFICE OF LAWRENCE LEVY, P.A.
12781 Miramar Parkway, Suite 203
Miramar, Florida 33027
Tel. 954-442-6543

By: /s/ Lawrence Levy
LAWRENCE LEVY, ESQUIRE
Fla. Bar #0416505
Court Appointed Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above was faxed this day _11_ of _November_, 2010 to: Alicia M. Otazo-Reyes, Esq., 1111 Brickell Avenue, Suite 2150, Miami, Florida 33137.

By: _____
LAWRENCE LEVY, ESQUIRE
Fla. Bar #0116505
Court Appointed Counsel